Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 09 2006

at _____ o'clock and _____ min. _ M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs.  SHANE HARVEST                               Docket No.  CR 03-00259-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Probation)

COMES NOW ALYSA K. MAKAHANALOA, PROBATION OFFICER ASSISTANT OF THE COURT, presenting an official report upon the conduct and attitude of SHANE HARVEST, who was placed on supervision by the Honorable Barry M. Kurren, sitting in the Court at Honolulu, Hawaii, on the 11th day of August 2004, who fixed the period of supervision at one year and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That restitution of $5,000 is due immediately to Mr. Rodd Wilson, Hawaii District Navy Exchange, and any remaining balance be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest shall commence to accrue on any remaining balance upon his release on supervision

2.  That the fine of $250 is due immediately and any remaining balance be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office.

On 4/19/2005, the subject's supervision term was extended for one (1) year, for a total term of two (2) years, and his conditions were modified to include the following special condition:

3.  That the defendant perform 24 hours of community service as directed by the Probation Office.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Probation

That the subject has violated the conditions of his probation (Probation Forms 7A and 12B are attached) as follows:

1.  The subject failed to submit restitution payments in April 2005, November 2005, April 2006, and July 2006, in violation of Special Condition No. 1.

Prob 12C
(Rev. 1/06 D/HI)

2.  The subject failed to submit a truthful and complete written report within the first five days of each month for the months of September 2005, October 2005, November 2005, December 2005, January 2006, February 2006, March 2006, April 2006, May 2006, June 2006, and July 2006, in violation of Standard Condition No. 2.

3.  The subject failed to report to the Probation Office as instructed on 4/21/2005, in violation of Standard Condition No. 2.

4.  The subject failed to answer truthfully all inquiries by the probation officer on 5/12/2006, 5/17/2006, 6/2/2006, 6/6/2006, and 6/28/2006, in violation of Standard Condition No. 3.

5.  The subject failed to notify the probation officer at least ten days prior to any change in residence or employment, in violation of Standard Condition No. 6.

6.  The subject failed to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, in violation of Standard Condition No. 11.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 8/9/2006

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

### ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 9th day of August, 2006, and ordered filed and made a part of the records in the above case.

_____
BARRY M. KURREN
U.S. Magistrate Judge

Re:   **HARVEST, Shane**
      **Criminal No. CR 03-00259-01**
      **REVOCATION OF PROBATION**

## STATEMENT OF FACTS

The subject's probation commenced on 8/11/2004. The Court ordered that the subject pay $5,000 in restitution and a $250 fine. On 4/15/2005, the Court was notified that the subject failed to make payments toward his criminal monetary penalties for five (5) months. The subject had only paid a total of $231.24 towards his restitution. As a result, the subject's original one (1) year term of probation was extended to two (2) years. Additionally, the subject was sanctioned with 24 hours of community service which was subsequently completed on 9/30/2005. The subject's probation will expire on 8/10/2006. Since the extension of probation, the subject has incurred the following violations:

**Violation No. 1: Failure to submit restitution payments:** In the last fifteen months, the subject has benefitted from the financial support of his father, received income from five (5) different employers, and accepted unemployment benefits (April to June 2006). Since the Court was last notified of the subject's noncompliance on 4/19/2005, the subject failed to submit restitution payments in April 2005, November 2005, April 2006, and July 2006. The subject was to submit restitution payments according to the collection policy ordered by the Court which required him to submit a minimum of 10% of his gross monthly income.

In April 2005, the subject was required to submit a minimum of $103.97 towards the restitution based on his gross income of $1,039.72 earned in March 2005. The subject failed to submit a restitution payment in April 2005.

In November 2005, the subject was required to submit a minimum of $75.60 towards the restitution based on his gross income of $756 earned in October 2005. The subject failed to submit a restitution payment in November 2005.

On 4/4/2006, this officer addressed several violations of probation with the subject, including his failure to pay restitution in April 2005 and November 2005. The subject was apologetic and indicated that in the future, he would submit all extra income (after necessary living expenses) towards restitution. He further indicated that his father was willing to help him out financially. His father was expecting a settlement from the death of the subject's mother who died in November 2005. Additionally, the subject agreed, unless he found full-time employment, to apply all future income that he expected to receive from unemployment benefits toward his restitution. A behavioral contract related to this agreement was executed. The subject acknowledged that future noncompliance could result in the revocation of probation.

Re:    **HARVEST, Shane**
       **Criminal No. CR 03-00259-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 2**

In April 2006, the subject was required to submit a restitution payment based on his self-reported net income of $300 earned in March 2006 (the true amount earned was undetermined as the subject failed to provide any earning statements for the month as required). The subject failed to submit a restitution payment in April 2006.

On 5/9/2006, the subject was questioned about his failure to make a restitution payment in April 2006. The subject indicated that because he was between jobs and had yet to receive any unemployment, he had no income left from March 2006 to apply towards restitution. Our office would later discover that the subject had received $615 in unemployment in April 2006.

This officer is aware that in June 2006, the subject collected unemployment benefits (a minimum of $205) and also income from part-time employment. At an office visit on 7/5/2006, the subject was specifically instructed to submit a restitution payment based on his income in June 2006. The subject's self-reported net earnings totaled $900 in June 2006. However, his true income in June 2006 is unknown, as the subject failed to provide any earning statements for the month as requested. The subject failed to submit a restitution payment in July 2006 despite having income the previous month.

To date, despite having employment in July 2006, the subject has made no other restitution payments. The subject last made a restitution payment of $100 on 6/9/2006 based on income in May 2006. The subject's current restitution balance is $3,883.67 and the fine balance remains at $250. Over the course of two (2) years, the subject has submitted $1,146.33 in restitution.

The Court should note that the subject was unemployed in August 2005. As a result, the subject did not make a restitution payment in September 2005. Additionally, in December 2005, the subject reported to this officer that he had worked two (2) weeks during that month. However, his monthly report for December 2005 reflected $0 income and no paystubs were attached. Based on the subject's self-reported employment, he should have applied 10% of any gross income earned that month towards restitution. Because our office did not receive any documentation of income in December 2005, the subject is not being charged with a violation despite failing to submit a restitution payment in January 2006.

Since granting the extension of probation, the subject's employment has been sporadic and mostly part-time. Additionally during this time frame, the subject, with the exception of two (2) months, failed to provide the corresponding monthly paystubs needed to accurately calculate his restitution payments in accordance with the Court's order.

Re:    **HARVEST, Shane**
       **Criminal No. CR 03-00259-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 3**

**Violation No. 2: Failure to submit truthful and complete written reports within the first five days of each month:** Immediately following sentencing, the subject was oriented to the expectations of supervision including the timely submission of truthful and complete monthly supervision reports by the fifth day of each month. Additionally, the subject was advised that he was required to provide earning statements (paystubs) with the monthly reports. Since the commencement of probation, the subject was verbally reprimanded on numerous occasions for his failure to submit timely and complete monthly supervision reports. After the extension of his probation, the subject was again reminded to submit complete reports in a timely fashion. He was specifically instructed on 5/5/2005 to provide his paystubs each month. Despite these renewed instructions, the subject continued to violate this condition.

On 9/8/2005, the subject reported for an office visit with the undersigned. The subject was reminded to submit his September 2005 monthly supervision report on 10/5/2005. The subject submitted his monthly supervision report on 10/14/2005. Despite having employment during this month, he failed to provide his paystubs. The subject subsequently submitted his monthly supervision report for October 2005 (the subject provided paystubs for this month) on 12/19/2005.

On 12/13/2005, a notification was mailed to the subject's residence indicating that he failed to submit his monthly supervision report for November 2005. On 1/13/2006, another notification was mailed to the subject's residence indicating that he failed to submit his monthly supervision report for December 2005. On 2/1/2006, the subject submitted his monthly supervision reports for November 2005, December 2005, and January 2006. The subject failed to submit any paystubs with the reports despite having employment during those months.

On 3/15/2006, a notification was mailed to the subject's residence indicating that he failed to submit his monthly supervision report for February 2006. At an office visit on 4/4/2006, the subject submitted his monthly supervision report for February and March 2006. The subject failed to submit any paystubs with the reports despite having employment during those months. The delinquency and failure to submit paystubs with his monthly reports was addressed with the subject.

On 5/17/2006, the subject submitted his monthly supervision report for April 2006. The subject failed to submit any paystubs with the report despite having employment during that month. Additionally, the subject failed to acknowledge on the report that he collected $615 in unemployment benefits.

Re:    **HARVEST, Shane**
       **Criminal No. CR 03-00259-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 4**

On 6/10/2006, the subject submitted a monthly supervision report for May 2006.  The subject failed to submit any paystubs with the report despite having employment during that month.  Additionally, the subject failed to acknowledge on the report that he collected approximately $820 in unemployment benefits.

On 7/5/2006, the subject submitted a monthly supervision report for June 2006.  He failed to submit any paystubs with the report despite having employment during that month.

To date, the subject has failed to submit a monthly supervision report for July 2006.

**Violation No. 3:  Failure to Report to the Probation Office as Instructed on 4/21/2005:**  On 4/1/2005, during a meeting with this officer and Supervising U.S. Probation Officer Timothy Jenkins, the subject was instructed to return to the probation office on 4/21/2005 as follow-up to issues related to the appropriate payment of restitution.  On 4/21/2005, the subject failed to report to the probation office as instructed.

**Violation No. 4:  Failure to Answer Truthfully to Inquiries by the Probation Office:**  On 5/12/2006, the subject was asked about the receipt of unemployment benefits.  He was specifically asked when it started and the amount he was receiving.  The subject responded that he would receive his first unemployment check on or around 5/17/2006.  On 5/17/2006, the subject reported that he began receiving unemployment benefits of $150.  However, according to information obtained by our office on 6/13/2006 from the State of Hawaii Department of Labor, the subject began receiving unemployment benefits on or about 4/18/2006.  With one exception, the subject was receiving a weekly benefit of $205.

On 6/2/2006 and 6/6/2006, the subject called this officer to cancel scheduled office appointments with this officer on those days.  On 6/2/2006, the subject indicated that he could not report to the probation office because he would be working a double shift.  Additionally, on 6/6/2006, the subject stated that he was working a double shift and could not report as scheduled.  He further indicated that he was working double shifts from 6/6/2006 to 6/8/2006.

On 6/7/2006, the subject's employer was contacted to verify the subject's work schedule.  The employer indicated that the subject had not been scheduled for any double shifts and could have reported to the probation office as scheduled.  The subject denied being dishonest and maintained that he was working double shifts.

On 6/28/2006, the subject was questioned about his employment status.  The subject indicated that he had worked on 6/23/2006, 6/24/2006, and 6/25/2006.  Subsequent contact

Re:    **HARVEST, Shane**
       **Criminal No. CR 03-00259-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 5**

with his employer established that the subject had not worked since 6/18/2006.  Additionally, the employer indicated that the subject had asked other employees to lie about his employment hours.

   **Violation No. 4:  Failure to Notify the Probation Office of Changes to Address and Employment:**  On 3/24/2006, the subject reported that he moved to another residence on 3/10/2006 (two weeks prior).  Further, the subject reported that he was laid off from his employment.  The subject failed to report the address and employment change timely.

   **Violation No. 5:  Failure to Notify the Probation Office of Law Enforcement Contact Within 72 Hours:**  On 3/24/2006, the subject related that he was involved in a vehicle accident in February 2006.  He was issued two citations by the Honolulu Police Department officer who responded to the accident.  The subject was scheduled to appear in State District Court on 3/20/2006 and failed to report on that day.  Consequently, a bench warrant was issued for the subject and the warrant remains outstanding.  The subject failed to report the law enforcement contact within 72 hours.

   On 4/3/2006, the subject reported that he was physically assaulted by his brother on 3/25/2006.  The subject stated that he filed a police report regarding the incident.  The subject failed to report having law enforcement contact.

Re:    **HARVEST, Shane**
       **Criminal No. CR 03-00259-01**
       **REVOCATION OF PROBATION**
       **STATEMENT OF FACTS - Page 6**


The subject has failed to respond appropriately to supervision.  His lack of cooperation and deceitful behavior impeded attempts to assist him in meeting the Court's expectations. Based on his noncompliance, it is respectfully requested that the Court issue a Summons and that the subject be brought before the Court to show cause why probation should not be revoked.

Respectfully submitted by,


ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant


Approved by:


TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

AKM/dck

Re:   **HARVEST, Shane**
      **Criminal No. CR 03-00259-01**
      **REVOCATION OF PROBATION**
      **STATEMENT OF FACTS - Page 7**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall maintain a single personal bank account, separate and apart from any family member or others, into which all income, financial proceeds, and gains shall be deposited and from which all expenses be paid.

That the defendant shall secure and maintain gainful full-time employment (at least 40 hours per week) at the discretion and direction of the Probation Office.

That the defendant shall submit to voluntary payroll deduction at the discretion and direction of the Probation Office.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:        SHANE HARVEST                              Docket No.  CR 03-00259-01
Address:

 

 

Under the terms of this sentence, the defendant has been placed on probation by the Honorable Barry M. Kurren, U.S. Magistrate Judge for the District of Hawaii. The defendant's term of supervision is for a period of 12 months commencing 8/11/2004.

While on probation, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)*    *Restitution of $5,000 is due immediately to Mr. Rodd Wilson, Hawaii District Navy Exchange, and any remaining balance shall be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest shall commence to accrue on any remaining balance upon his release on supervision.*

*(2)*    *The fine of $250 is due immediately and any remaining balance shall be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        8/11/04
        SHANE HARVEST, Defendant        Date

_____        8/11/04
    ALYSA K. MAKAHANALOA        Date
    U.S. Probation Officer Assistant

PROB. 12B
(7/93)

RECEIVED     **United States District Court**

for the

'05  APR 20  A11 :59

**DISTRICT OF HAWAII**

U.S. PROBATION OFFICE
HONOLULU, HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 0 2006

at _10_ o'clock and _5_ min. _A_ M.
WALTER A.Y.H. CHINN, CLERK

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  SHANE HARVEST                    Case Number:  CR 03-00259-01

Name of Sentencing Judicial Officer:    The Honorable Barry M. Kurren
                                        U.S. Magistrate Judge

Date of Original Sentence:  8/11/2004

Original Offense:    Theft, in violation of 18 U.S.C. 641

Original Sentence:    One (1) year probation with the following special conditions:
1) That restitution of $5,000 is due immediately to Mr. Rodd Wilson, Hawaii District Naval Exchange, and any remaining balance be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest shall commence to accrue on any remaining balance upon his release on supervision; and 2) That the fine of $250 is due immediately and any remaining balance be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office.

Type of Supervision:  Probation            Date Supervision Commenced:  8/11/2004

## PETITIONING THE COURT

[X]    To extend the term of supervision for _1_ year, for a total term of _2 years_.
[X]    To modify the conditions of supervision as follows:

    3)    *That the defendant perform 24 hours of community service as directed by the Probation Office.*

Prob 12B
(7/93)

2

## CAUSE

The subject's supervision commenced on 8/11/2004. On that date, he reported to the Probation Office and was oriented to the conditions and expectations of supervision. Among other conditions of probation, the subject is prohibited from using illicit substances and required to pay $5,000 in restitution and a $250 fine. At that time, the subject reported that he was employed as a clerk at Diamond Head Video. The subject was later hired at Walmart. However, he failed to make any restitution payments in August and September of 2004. The subject was verbally reprimanded and was instructed to make an immediate payment. The subject stated that he had numerous debts to pay, but was able to pay $10 on 10/28/2004. The subject then failed to make a restitution payment in November 2004. On 12/14/2004, the subject paid $50.

The subject has since failed to make restitution payments in January, February and March of 2005. On 4/1/2005, the subject reported to the undersigned and Supervising U.S. Probation Officer (SUSPO) Timothy Jenkins. The subject stated that he defaulted on his monthly payments because his mother suffered a stroke. He further reported that he did not work at Walmart during the last 6 weeks to care for his mother. The subject acknowledged that he failed to inform our office of his circumstances or make any good faith payments toward his restitution obligation. The subject returned to work at Walmart on 4/1/2005. On 4/12/2005, the subject agreed to a voluntary payroll deduction through the Federal Litigation Unit of the U.S. Attorney's Office. The subject's monthly net income is approximately $1,400. Twenty-five percent of the subject's net income will be deducted from his monthly pay and applied to his Court-ordered debt. Although, the subject has agreed to participate in the voluntary payroll deduction program, he will be unable to complete his restitution obligation prior to the expiration of probation. The subject's balance is $4,965. His probation term will expire on 8/10/2005. The subject requested an extension of supervision in order to complete his restitution.

As follow-up, a letter of reprimand was sent to the subject's residence on 4/13/2005. The letter admonished the subject for his conduct and instructed him to review the conditions ordered by the Court. Additionally, the subject was warned that future violations will be reported to the Court and may result in increasingly severe sanctions.

In an effort to sanction the subject and impress upon him the importance of abiding by all supervision conditions, it is respectfully recommended that the Court modify the conditions of probation to require the subject's completion of twenty four (24) hours of community service.

Prob 12B
(7/93)

3

Attached is a signed Waiver of Hearing to Modify Conditions of Probation and Extend the Term of Supervision.  The subject waives his right to a hearing and to assistance of counsel.  The subject agrees to the modification of the conditions of probation and the extension of supervision.  The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and extension and have no objections.

Respectfully submitted by,

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date:  4/15/2005

THE COURT ORDERS:

[ X ]    The Extension of Supervision as Noted Above
[ X ]    The Modification of Conditions as Noted Above
[   ]    Other

BARRY M. KURREN
U.S. Magistrate Judge

4-19-2005
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To extend the term of supervision for <u>one year</u>, for a total term of <u>two years</u>.
[ X ]   To modify the conditions of supervision as follows:

> 3.      *That the defendant perform 24 hours of community service as directed by the Probation Office.*

Witness: _____        Signed: _____
ALYSA K. MAKAHANALOA                                        SHANE "Hoku" HARVEST
U.S. Probation Officer Assistant                                   Probationer

4/12/05
Date